LAWRENCE G. BROWN
United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2723

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 2:09-cv-1937 GEB-KJM |
| Plaintiff, ) | **JOINT STATUS (PRETRIAL SCHEDULING) REPORT AND REQUEST FOR STAY AND ORDER** |
| v. ) | |
| REAL PROPERTY LOCATED AT 17 COON CREEK ROAD, HAWKINS BAR, CALIFORNIA, TRINITY COUNTY, APN: 008-760-12, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, ) | DATE: October 19, 2009<br>TIME: 9:00 a.m.<br>COURTROOM: 10 |
| Defendant. ) | |

The plaintiff United States of America and claimants Byron Pickle (the property owner) and Leung and Betty Chinn (lienholder) submit the following Status Report, Request for Stay, and Order [Proposed] pursuant to this Court's July 16, 2009, order:

**a.   Service**:

The forfeiture complaint in rem was served on all individuals and entities believed to have an interest in the

defendant property.  Specifically, the recorded owner of the property, Byron Pickle,,and lienholders Leung and Betty Chinn, were served.

In addition, in accordance with the Order for Publication signed on July 20, 2009, notice of this action was published on the official internet government website, www.forfeiture.gov, for 30 consecutive days.  The Declaration of Publication was filed on September 21, 2009.

**b.     Possible joinder of additional parties:**

The parties do not anticipate joining additional parties. However, it is possible that another individual who was not served with the complaint, but who sees the published notice of forfeiture, may still file a claim and answer.  Under Rule G(5)(a)(ii)(B) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, an individual (other than one who has been served with the complaint) who sees the published notice of forfeiture has 30 days from the last publication date to file a claim to the property.  Accordingly, it is possible that another person could become a party in this action since the last publication date was September 17, 2009.

**c.     Any expected or desired amendment of pleadings:**

None anticipated at this time.

**d.     Jurisdiction and venue:**

This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355.  This Court has venue pursuant to 28 U.S.C. § 1395.

**e.   Anticipated motions and suggested dates**:

The parties requests that this case not be scheduled at this time because they are requesting a stay of further proceedings for six months as explained in the following paragraph.

This case, and the related case (<u>U.S. Real Property, 1 Mile Up Hennessey Road, et al</u>., 2:09-cv-1940 GEB-KJM) arose out of an investigation in Trinity County involving claimant Byron Pickle and two relatives, Thomas and James Pickle.  Local law enforcement officers executed a state search warrant at the defendant property and found 54 pounds of processed marijuana, 364 marijuana plants, approximately $10,000 in cash, and packaging material.  Officers found about 45 pounds of processed marijuana, approximately $60,000 in cash, packaging materials, and multiple firearms when they executed a state search warrant at the Hennessey Road property.

The Trinity County District Attorney has filed state drug charges against Thomas and James Pickle.  The investigation against claimant Byron Pickle is ongoing.

Pursuant to 18 U.S.C. §§ 981(g)(1) and 21 U.S.C. § 881(i) the parties suggests that a stay of further proceedings in this case is necessary.  The United States contends that the defendant real property was used to facilitate a violation of federal drug laws (cultivation of marijuana) and is therefore forfeitable to the United States.  The United States intends to depose claimant about Byron Pickle about the claim he filed in this case and the facts surrounding the cultivation of marijuana plants on this property.  If discovery proceeds, claimant would be placed in the

1 difficult position of either invoking his Fifth Amendment right
2 against self-incrimination and losing the ability to protect his
3 alleged interest in the defendant property, or waiving his Fifth
4 Amendment rights and submitting to depositions and potentially
5 incriminating himself in the pending criminal matter.  If
6 claimant invokes his Fifth Amendment rights, the United States
7 will be deprived of the ability to explore the factual basis for
8 the claim he filed in this action and the defenses raised in his
9 Answer.

10      In addition, the government anticipates that claimant will
11 attempt to depose law enforcement officers who were involved in
12 the execution of the state search warrant at the defendant
13 property.  Allowing depositions of these officers would adversely
14 affect the ability of the Trinity County officials to conduct its
15 related criminal investigation and prosecution.

16       Accordingly, the parties contend that proceeding with this
17 action at this time has potential adverse affects on the
18 investigation and prosecution of the related-criminal case and/or
19 upon claimant's ability to prove his claim to the property and to
20 contest the government's allegations that the property is
21 forfeitable.  For these reasons, the parties request that this
22 matter be stayed for a period of six months, or until further
23 court order or further court-approved stipulation by the parties.
24 At that time the parties will advise the Court whether a further
25 stay is necessary.

26      **f.    Anticipated and outstanding discovery:**
27
28      (1)  What changes should be made in the timing,

>      form, or requirement for disclosures under
>      Rule 26(a), including a statement as to when
>      disclosures under subdivision (a)(1) were
>      made or will be made:
>
> (2)  The subjects on which discovery may be
>      needed, when discovery should be completed,
>      and whether discovery should be conducted in
>      phases or be limited to or focused upon
>      particular issues:
>
> (3)  What changes should be made in the
>      limitations on discovery imposed under the
>      Federal Rules of Civil Procedure of the Local
>      Rules, and what other limitations should be
>      imposed:

As of the December 1, 2006, amendments to Rule 26 of the Federal Rules of Civil Procedure, civil forfeiture actions are now exempt from the initial disclosure requirements applicable to most other civil actions. See Fed.R.Civ.P. 26(a)(1)(B)(ii).

As noted above, the parties request that discovery in this case be stayed for six months.

**g.  Scheduling of future proceedings, including suggested timing of the disclosure of expert witnesses and information required by Rule 26(a)(2), completion dates for discovery and law and motion, and dates for final pretrial conference and trial:**

In light of the request to stay further proceedings for six months, the parties suggests that the case not be scheduled at this time.

**i.  Estimate of trial time:**

Plaintiff estimates that a trial of this matter would take no more than 3 days.

**j.  Appropriateness of special procedures:**

Not applicable.

**k.  Modification of standard pretrial procedures because of the relative simplicity or complexity of the action or proceedings:**

Not applicable.

**l.  Whether the case is related to any other case, including any matters in bankruptcy:**

This case is related to <u>U.S. Real Property, 1 Mile Up Hennessey Road, et al.</u>, 2:09-cv-1940 GEB-KJM.  A Notice of Related Cases was filed on July 17, 2009.

**m.  Prospects for settlement:**

None at this time.

**n.  Any other matters that may add to the just and expeditious disposition of this matter:**

None.

DATED: October 5, 2009               LAWRENCE G. BROWN
                                     United States Attorney

                                By:  /s/ Kristin S. Door
                                     KRISTIN S. DOOR
                                     Assistant U.S. Attorney
                                     Attorneys for plaintiff
                                     United States of America

DATED: October 5, 2009
                                By:  /s/ Editte Lerman
                                     EDITTE LERMAN
                                     Attorney for claimant
                                     Byron Pickle

DATED: October 5, 2009               LAW OFFICES OF DAVID MICHAEL

                                By:  /s/ Edward M. Burch
                                     EDWARD M. BURCH
                                     Attorneys for claimants
                                     Leung Chinn and Betty K. Chinn

                                     (Original signatures retained
                                     by AUSA Door)

**ORDER**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2) and 21 U.S.C. § 881(i) for six months, or until further court order or further court-approved stipulation by the parties.  The pretrial scheduling conference, currently set for October 19, 2009, is rescheduled for May 10, 2010, at 9:00 a.m.  A joint status report is to be filed fourteen days prior to the hearing.

    IT IS SO ORDERED.

Dated:  October 7, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge