BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br><br>REAL PROPERTY LOCATED AT 17 COON CREEK ROAD, HAWKINS BAR, CALIFORNIA, TRINITY COUNTY, APN: 008-760-12, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>Defendant. | 2:09-CV-01937-GEB-DAD<br><br>BRIEF IN SUPPORT OF THE UNITED STATES' MOTION TO STRIKE CLAIM AND ANSWER OF BYRON PICKLE PURSUANT RULE G(8)(c)(i)(A) OF THE SUPPLEMENTAL RULES FOR ADMIRALTY OR MARITIME CLAIMS AND ASSET FORFEITURE ACTION<br><br>DATE: December 5, 2011<br>TIME: 9:00 a.m.<br>COURTROOM: 10, 13th Floor<br>JUDGE: Hon. Garland E. Burrell |

I. <u>INTRODUCTION</u>.

The United States of America moves pursuant to Supplemental Rule G(8)(c)(i)(A) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("the Supplemental Rules") to strike the claim to the defendant property filed by Byron Pickle on August 11, 2009, (Doc. 9) and answer filed on September 4, 2009, (Doc. 16). The United States' motion is based on the claimant's failure to respond to Supplemental Rule G(6)(a) special interrogatories propounded on July 21, 2011. The claimant

had twenty-one days to respond, extended to September 19, 2011, but failed to provide a timely or sufficient response.

## II. BACKGROUND.

On July 16, 2009, the United States filed a Verified Complaint In Rem against real property located at 17 Coon Creek Road, Hawkins Bar, California. Compl., Doc. 1. The Complaint alleges that the property's record owner is Byron Pickle and is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7), because it was used to commit and facilitate manufacture of a controlled substance, and possession of a controlled substance with intent to dispense and distribute, in violation of 21 U.S.C. § 841. Compl. ¶ 3-4. The Complaint specifically avers that various state and county law enforcement officers observed more than 364 marijuana plants growing on the defendant property on November 25, 2008; a search of the defendant property further yielded approximately 54 pounds of marijuana, 150 grams of kief, packaging materials, a digital scale, and approximately $10,339.00 in U.S. Currency. Compl. ¶ 5-6.

The claimant's attorney filed a claim on his behalf on August 11, 2009 (Doc. 9), and an answer on his behalf on September 4, 2009, (Doc. 16). The claimant purports to hold an interest in the defendant property based on his current record owner status.

On October 17, 2009, the case was stayed pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2), and 21 U.S.C. § 881(i) for six months. Doc. 19. As a basis for the stay, the October 17, 2009 Order specifically referenced the ongoing criminal prosecutions against Thomas Pickle and James Pickle, and the criminal investigation into Byron Pickle's conduct. Id. On November 16, 2010, the Court

1  ordered the case stayed until March 28, 2010 or until further court
2  order.  Doc. 25.
3      In March 2011, the parties did not extend the stay, instead
4  filing a Joint Status Report.  Doc. 28.  The Joint Status Report
5  was signed by the counsel for the claimant and United States.  The
6  Court issued a Pretrial Scheduling Order on March 23, 2011. Doc.
7  29.
8      On July 21, 2011, the United States served the claimant with
9  special interrogatories pursuant to Rule G(6) of the Supplemental
10 Rules for Admiralty or Maritime Claims and Asset Forfeiture
11 Actions.  See K. Khasigian Decl., ¶ 3.  The claimant was notified
12 that he had twenty-one ("21") days from date of service to respond
13 to the special interrogatories.  Id.  The initial deadline to
14 respond to the United States' Rule G(6) special interrogatories was
15 August 15, 2011, but it was later extended to September 19, 2011.
16 Id. ¶ 3.

### III. ARGUMENT.

19    Supplemental Rule G(6)(a) provides that the Government may
20 "serve special interrogatories limited to the claimant's identity
21 and relationship to the defendant property without the [C]ourt's
22 leave at any time after the claim is filed and before discovery is
23 closed."  Answers or objections to the interrogatories "must be
24 served within 21 days after the interrogatories are served."  Fed.
25 R. Civ. P. Supp. G(6)(b).  If the claimant does not respond to the
26 interrogatories, the Government may move to strike a claim or
27 answer "at any time before trial."  Fed. R. Civ. P. Supp.
28 G(8)(c)(I).

1   Here, the United States' Rule G(6) special interrogatories were mailed to the claimant on July 21, 2011.  K. Khasigian Decl., ¶ 3.  The claimant's responses were due by August 15, 2011.  Id. ¶ 4.  The deadline was later extended to September 19, 2011.  Id.  To date, the Government has not received the claimant's answers to the Supplemental Rule G special interrogatories and the twenty-one ("21") days in which a response is required has lapsed.  Id. at ¶ 6.  Accordingly, his claim and answer should be stricken from the docket for failure to comply with Supplemental Rule G(6).

District Courts across the United States have taken a similar approach when confronted with a claimant's failure to timely respond to special interrogatories propounded pursuant to Rule G(6).  See United States v. $27,970.00 in U.S. Currency, Case No. 1:09-CV-139, 2010 WL 933762 (S.D. Ga. March 16, 2010) (striking the claim and answer of claimant for failing to respond to the government's special interrogatories); United States v. $2,409 in U.S. Currency, Case No. WDQ-10-CV-0220, 2010 WL 2670982, at 1 (D. Md. June 24, 2010) (following $27,970; striking claim for failing to respond to special interrogatories within 21 days); United States v. $85,000,00 in U.S. Currency, Case No. WDQ-10-0371, 2010 WL 5087910 (D. Md. Dec. 7, 2010) (same); see also United States v. $51,995 in U.S. Currency, No. 8:10–2260–HMH, 2010 WL 5137155, at *1 (D.S.C. Dec. 13, 2010) (granting Government's motion to strike claim and answer of claimant who failed to respond to special interrogatories).

The claimant's blanket invocation of the Fifth Amendment does not change the analysis.  On September 7, 2011, the claimant notified the United States that "[a]ll discovery requests

propounded upon [the claimant] will be met with his Fifth Amendment privilege against self-incrimination."[1]  K. Khasigian Decl., ¶ 5. It is unclear if the claimant meant to include the Rule G(6) special interrogatories in that definition given that Rule G special interrogatory responses are required to determine standing. See Fed. R. Civ. P. Supp. G(6)(c), "[a] claimant <u>who establishes standing</u> to contest forfeiture may move to dismiss the action under Rule 12(b)."[2]  Under the claimant's view, this is an optional exercise; the Supplemental Rules and case law are not in agreement.

For instance, under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), "any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions." 18 U.S.C. § 983(a)(4)(A).  To contest a civil forfeiture action, a claimant must have both statutory standing in accord with CAFRA, and the Article III standing required for any action brought in federal court.  *United States v. One-Sixth Share of James J. Bulger in All Present & Future Proceeds of Mass Millions Lottery Ticket*

---

[1] The claimant's out-right refusals to respond to Rule G(6) special interrogatories frustrate any examination into whether he is a straw owner, nominee, or received the property via a fraudulent transfer. Such a determination of ownership facts is the purpose of Rule G(6) - it is standing to assert a claim! The Rule G(6) interrogatories were very brief and focused on the claimant's relationship to the property, easily identifiable if he lawfully obtained the defendant property. It is unclear why the claimant refuses to respond to garden-variety discovery requests.

[2] As the claimant has not demonstrated statutory standing under Fed. R. Civ. P. Supp. G(6)(c), his pending Motion to Suppress and Motion to Dismiss should not be considered.

*No. M246233*, 326 F.3d 36, 40 (1st Cir. 2003).  In order to satisfy Article III standing in the forfeiture context, a claimant must demonstrate the existence of an injury by establishing either an ownership or lesser possessory interest in the property.  *Via Mat Int'l South America Ltd. v. United States*, 446 F.3d 1258, 1262-63 (11th Cir. 2006).  Statutory standing is established through strict compliance with Supplemental Rules G(5) and G(6).  *United States v. One 2001 Cadillac Deville Sedan*, 335 F. Supp. 2d 769, 772 (E.D. Mich. 2004).  Failure to satisfy both the Article III and statutory standing requirements precludes a claimant from contesting a forfeiture action.  *Id*. (quoting *United States v. $267,961.07*, 916 F.2d 1104, 1108 (6th Cir. 1990)).

A blanket assertion of the Fifth Amendment is no defense to forfeiture. *United States v. $493,850.00 in U.S. Currency*, No. Civ. 03-2345-PHX-VAM, 2006 WL 163570 at 8 (D. Ariz. Jan. 23, 2006). Indeed, it is no response at all.  Here, invocation of the Fifth Amendment as to all of the special interrogatories is improper because some, likely all, of the requests are not facially incriminating.  The claimant cannot refuse to answer threshold questions about his identity and relationship with the defendant property, while simultaneously advancing motions to suppress and dismiss under the Supplemental Rules and Federal Rules of Civil Procedure.  This is exactly the sort of one-sided litigation prohibited by  Fed. R. Civ. P. Supp. G(6)(c)[3] and Fed. R. Civ. P.

---

[3] "The government need not respond to a claimant's motion to dismiss the action under Rule G(8)(b) until 21 days after the claimant has answered [special] interrogatories."

Supp. G(8)(c)(ii)(A).[4]

For these reasons, the government respectfully moves this Court to strike the claim and answer of Byron Pickle.

Date: 10/11/2011                              BENJAMIN B. WAGNER
                                              United States Attorney

                                       By:    /s/ Kevin C. Khasigian
                                              KEVIN C. KHASIGIAN
                                              Assistant U.S. Attorney

---

[4] The motion to strike a claim for failure to comply with Supplemental Rule G(6) must be decided "before any motion by the claimant to dismiss the action."