IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>   v.<br><br>Real Property Located at 17 Coon Creek Road, Hawkins Bar, California, APN: 008-760-12,<br><br>        Defendant,<br>_____<br><br>Leung Chinn, Betty K. Chinn, Byron Pickle,<br><br>        Claimants, | 2:09-cv-1937-GEB-DAD<br><br>ORDER RESCHEDULING CLAIMANT BYRON PICKLE'S MOTIONS[*] |

        Claimant Byron Pickle ("Pickle") filed a motion in this in rem action on August 2, 2011, in which Pickle seeks to quash a search warrant, suppress evidence and dismiss this case. (ECF No. 33.) This motion is brought under Federal Rule of Civil Procedure 12(b)(6), and under Rule G(8) of the Supplemental Rules of the Federal Rules of Civil Procedure for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule"). Pickle also filed a motion on September 6, 2011, in which he moves to stay the forfeiture proceedings in this case (ECF No. 42); this motion is filed under 18 U.S.C. § 981(g)(2). The government opposes Pickle's motions, arguing that it filed a motion on October 8, 2011, in

---

[*]    This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

which it seeks to have Pickle's claim and answer stricken under Rule G(8)(c)(i), that must be decided before Pickle's motions can be decided. The government's motion to strike is currently set for hearing on December 5, 2011. The government also argues that if its motion to strike is granted, Pickle will not have standing to bring his motions.

Rule G(8)(c)(ii)(A) prescribes that a motion to strike a claim or answer of a claimant "must be decided before any motion by the claimant to dismiss the action." The advisory committee notes to Rule G(8) prescribe that "a motion to dismiss the action cannot be addressed until the court has decided any government motion to strike the claim or answer" because "[a dismissal] motion . . . may be made only by a claimant who establishes claim standing." Further, 18 U.S.C. § 981(g)(2)(B) prescribes that a claimant may only seek a stay of a civil forfeiture action if "the claimant has standing to assert a claim in the civil forfeiture proceeding."

Since this authority reveals that the government's motion to strike must be decided before Pickle's motions are decided, Pickle's motions which are scheduled for hearing on October 24, 2011, are rescheduled to be heard on January 23, 2012, commencing at 9:00 a.m.

Dated:  October 20, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge

2