IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>      v.<br><br>Real Property Located at 17 Coon Creek Road, Hawkins Bar, California, APN: 008-760-12,<br><br>            Defendant,<br>_____<br><br>Leung Chinn, Betty K. Chinn, Byron Pickle,<br><br>            Claimants, | 2:09-cv-1937-GEB-DAD<br><br>ORDER GRANTING CHINN CLAIMANTS' MOTION TO COMPEL SALE OF DEFENDANT REAL PROPERTY[*] |

      Claimants Leung and Betty Chinn ("Chinn Claimants") move to compel the sale of the defendant real property in this in rem action. Chinn Claimaints argue their motion is brought under Rule G(7)(b)(i)(C) of the Supplemental Rules of the Federal Rules of Civil Procedure for Admiralty or Maritime Claims and Asset Forfeiture Actions, "so that the sale proceeds may be substituted as the res in place of the defendant real property in order for their lien to be satisfied with those proceeds." (Mot. to Compel Sale 1:8-11, ECF No. 31.) The motion is unopposed.

      Rule G(7)(b)(i)(C) prescribes: "On motion by a party . . . the

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

court may order all or part of the property sold if the property is subject to a mortgage . . . on which the owner is in default." Rule G(7)(b)(iv) prescribes that the "[s]ale proceeds are a substitute res subject to forfeiture in place of the property that was sold."

Chinn Claimants state in their verified claim that they "sold defendant real property to Byron Pickle" and that "their interest in the defendant real property is solely as a mortgage holder with a mortgage interest in the property." (Verified Claim of Leung Chinn and Betty K. Chinn ¶¶ 2, 7, Exs. A-D, ECF No. 12.) In support of their motion, Chinn Claimants attached correspondence between their attorney and Pickle's attorney detailing Pickle's default on the mortgage. (Chinns' Mot. Ex A.) Chinn Claimants evidence establishes that the defendant real property is subject to a mortgage and that the owner is in default. Therefore, Chinn Claimants' motion to compel sale of the defendant real property pursuant to Rule G(7)(b) is GRANTED.

Chinn Claimants also request "reasonable attorney fees to be paid out of the proceeds of [the] sale" of the defendant real property, arguing that Pickle agreed to pay attorney fees for an action instituted on the note. However, Chinn Claimants' do not provide authority supporting their position that they are entitled to recover attorney fees from the proceeds of the sale of the defendant real property; therefore, the request for payment of attorney fees from the sale of the defendant real property is DENIED.

Dated:  October 20, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge