IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>    v.<br><br>Real Property Located at 17 Coon Creek Road, Hawkins Bar, California, APN: 008-760-12,<br><br>        Defendant,<br>_____<br>Leung Chinn, Betty K. Chinn, Byron Pickle,<br><br>        Claimants, | 2:09-cv-1937-GEB-DAD<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE CLAIM AND ANSWER; DENYING CLAIMANT'S MOTION[*] |

        The government moves in this *in rem* forfeiture action for an order that strikes claimant Byron Pickle's ("Pickle") claim to the defendant property (ECF No. 9) and Pickle's answer to the government's forfeiture complaint (ECF No. 16). The motion is brought under the Federal Rules of Civil Procedure's Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule") G(8)(c)(i)(A). The government argues that Pickle's claim and answer should be stricken because Pickle has failed to respond to the government's Rule G(6) Special Interrogatories. (Mot. 1:26-28.)

        The government supports its motion with the following

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

averments:

> [T]he United States' Rule G(6) special interrogatories were mailed to the claimant on July 21, 2011. The claimant's responses were due by August 15, 2011. The deadline was later extended to September 19, 2011. To date, the Government has not received the claimant's answers to the Supplemental Rule G special interrogatories and the twenty-one ('21') days in which a response is required has lapsed. (Mot. 4:1-7.)

Pickle filed an untimely opposition to the government's motion. Pickle argues in his opposition that he "has in effect timely responded to the government's discovery requests" by moving for a stay of this action before the government filed the motion sub judice. (Opp'n 4:16-17.) However, as stated in the Order filed in this action on October 21, 2011:

> Rule G(8)(c)(ii)(A) prescribes that a motion to strike a claim or answer of a claimant 'must be decided before any motion by the claimant to dismiss the action.' The advisory committee notes to Rule G(8) prescribe that 'a motion to dismiss the action cannot be addressed until the court has decided any government motion to strike the claim or answer' because '[a dismissal] motion . . . may be made only by a claimant who establishes claim standing.' Further, 18 U.S.C. §981(g)(2)(B) prescribes that a claimant may only seek a stay of a civil forfeiture action if 'the claimant has standing to assert a claim in the civil forfeiture proceeding.' Since this authority reveals that the government's motion to strike must be decided before Pickle's [stay] motion[] [is] decided, Pickle's motions [were rescheduled for hearing after the decision on the government's motion to strike].

In his opposition, Pickle also includes argument against responding to discovery requests propounded by the government. However, the discovery requests referenced in Pickle's argument are not at issue in the government's motion to strike. Therefore that argument is disregarded.

The government's special interrogatory discovery probes Pickle's connection to the defendant property. Rule G(6) prescribes

2

"[t]he government may serve special interrogatories limited to the claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed but before discovery is closed" and "[a]nswers or objections to these interrogatories must be served within 21 days after the interrogatories are served." Rule G(8)(c)(i)(A) prescribes "[a]t any time before trial, the government may move to strike a claim or answer for failing to comply with Rule G(5) or (6)." See also United States v. $27,970.00 in U.S. Currency, No. 09-0139, 2010 WL 933762, at *1 (S.D. Ga. Mar. 16, 2010) (striking claim and answer for failure to comply with Rule G(6)); United States v. $85,000.00 in U.S. Currency, No. 10-0371, 2010 WL 5087910, at *2 (D. Md. Dec. 7, 2010) (same). Since Pickle's opposition is an ineffective response to the special interrogatories at issue, the government's motion to strike Pickle's claim and answer because of Pickle's failure to answer the subject special interrogatories is GRANTED.

Further, Pickle's motion to stay the forfeiture proceedings (ECF No. 42), currently scheduled for hearing on January 23, 2012 is denied and the hearing is vacated because absent a claim to the defendant property, Pickle no longer has standing to contest this forfeiture action.

Dated: December 20, 2011

GARLAND E. BURRELL, JR.
United States District Judge

3