BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:09-CV-01937-GEB-DB |
| Plaintiff, | |
| v. | FINAL JUDGMENT OF FORFEITURE |
| REAL PROPERTY LOCATED AT 17 COON CREEK ROAD, HAWKINS BAR, CALIFORNIA, TRINITY COUNTY, APN: 008-760-12, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| Defendant. | |

Pursuant to the Stipulation for Final Judgment of Forfeiture, the Court finds:

1.      This is a civil action *in rem* brought against certain real property located at 17 Coon Creek Road, Hawkins Bar, California, Trinity County, APN: 008-760-12, including all appurtenances and improvements thereto (hereafter "defendant property"), and more fully described as:

> Lot 18, Block 0 of Trinity Village Subdivision as shown on the Map thereof filed for record in the office of the County Recorder of Trinity County, California on May 18, 1964 in Book 3 of Napa, and Surveys, Page 165 through 172 inclusive.

2.      A Verified Complaint for Forfeiture *In Rem* ("Complaint") was filed on July 16, 2009, alleging that said defendant property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881 (a)(7).

3.      On July 30, 2009, the defendant property was posted with a copy of the Complaint and

Notice of Complaint.

4.     Beginning on August 19, 2009, for at least thirty consecutive days, the United States published Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov.  A Declaration of Publication was filed on September 21, 2009.

5.     In addition to the public notice on the official internet government forfeiture site www.forfeiture.gov, actual notice or attempted notice was given to the following individual(s): Byron Pickle.

6.     Claimant Byron Pickle filed a claim to the defendant property on August 11, 2009, and an answer to the complaint on September 4, 2009.  The defendant property's lienholders, Leung Chinn and Betty K. Chinn, filed a claim and answer on August 20, 2012, but later withdrew their claim on March 21, 2012.  No other parties have filed claims or answers in this matter, and the time in which any person or entity may file a claim and answer has expired.

Based on the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1.     The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

2.     The parties hereby agree to settle this matter for $20,000.00 in U.S. Currency.  Claimant Byron Pickle agrees to pay Trinity County Assessor's Office a total of $8,647.02 to satisfy the outstanding property taxes by January 1, 2017.  Claimant Byron Pickle will pay the remaining $11,352.98 in installments of $1,000.00 per month beginning on March 1, 2017, of which $3,250.00 will be paid to Claimants Leung and Betty K. Chinn, through their attorney Edward M. Burch, as identified in the Court's June 18, 2012 Order [ECF No. 69].  For the installment payments, claimant shall send cashier's checks made payable to the U.S. Marshals Service to the U.S. Attorney's Office, Attn: Asset Forfeiture Unit, 501 I Street, Suite 10-100, Sacramento, CA 95814.  All right, title, and interest in said funds shall be substituted for the defendant property and forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7).

3.     Within thirty (30) days of full payment of the settlement amount, the United States shall record a withdrawal of lis pendens against the defendant property.

4. If payment in full is not made within the time stipulated above, Claimant Byron Pickle will be deemed to be in default of this stipulation and the U.S. Marshals Service shall be authorized to sell the defendant property, in the most commercially feasible manner, as soon as reasonably possible, for the maximum price. Through the sale of the defendant property, the United States shall receive the net proceeds, less payments for costs of selling the property, cleanup, other expenses incurred, and any legitimate liens that exist on the defendant property.

5. The United States and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the seizure, arrest, or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure, arrest, or forfeiture, as well as to those now known or disclosed. The claimant waives the provisions of California Civil Code § 1542.

6. All parties are to bear their own costs and attorneys' fees.

7. The U.S. District Court for the Eastern District of California, Hon. Garland E. Burrell, Jr., District Judge, shall retain jurisdiction to enforce the terms of this Final Judgment of Forfeiture.

8. Based upon the allegations set forth in the Complaint filed July 16, 2009, and the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure and arrest of the defendant currency, and for the commencement and prosecution of this forfeiture action.

SO ORDERED.

Dated: November 8, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge